**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:13-cv-01816

The United States of America

       Plaintiff,

    v.

Jamesway Cartage, Inc.

       Defendant.

---

**CONSENT DECREE**

---

## TABLE OF CONTENTS

I.      BACKGROUND .................................................................................................. 1

II.     JURISDICTION .................................................................................................. 2

III.    PARTIES BOUND ............................................................................................. 2

IV.     DEFINITIONS .................................................................................................... 3

V.      PAYMENT OF RESPONSE COSTS ................................................................. 5

VI.     FAILURE TO COMPLY WITH CONSENT DECREE ..................................... 10

VII.    COVENANTS BY PLAINTIFF ........................................................................ 13

VIII.   RESERVATIONS OF RIGHTS BY PLAINTIFF ............................................. 13

IX.     COVENANTS BY SETTLING DEFENDANT .................................................. 14

X.      EFFECT OF SETTLEMENT/CONTRIBUTION .............................................. 15

XI.     RETENTION OF RECORDS ............................................................................. 16

XII.    NOTICES AND SUBMISSIONS ....................................................................... 18

XIII.   RETENTION OF JURISDICTION .................................................................... 19

XIV.    INTEGRATION/APPENDICIES ....................................................................... 19

XV.     LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ....................... 19

XVI.    SIGNATORIES/SERVICE ................................................................................ 20

XVII.   FINAL JUDGMENT .......................................................................................... 21

# I.   **BACKGROUND**

A.     The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9607 ("CERCLA"), seeking reimbursement of response costs incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the BioEnergy of Colorado Superfund Site located on 821 West 56th Avenue, Commerce City and Adams County, Colorado 80216 ("Site").

B.     BioEnergy of Colorado, LLC ("BioEnergy") operated a biodiesel production facility at the Site on land owned by Jamesway Cartage, Inc. ("Jamesway" or "Settling Defendant"), which BioEnergy leased from Jamesway pursuant to a Ground Lease commencing as of November 1, 2006.

C.     On September 28, 2008, EPA issued a Unilateral Administrative Order ("UAO") under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a) to BioEnergy and Jamesway to abate an endangerment at the Site due to the release and threatened release of hazardous substances including caustics and methanol.

D.     As of June 2009 substantial cleanup work remained, and on June 1, 2009, EPA mobilized contractors to complete the removal action, which EPA completed on June 24, 2009.

1

E.  In accordance with Section 107(*l*) of CERCLA, 42 U.S.C. § 9607(*l*), on or about July 10, 2009, EPA filed a Notice of Lien with the Adams County, Colorado, Clerk & Recorder to secure recovery of its CERCLA response costs.

F.  The United States and Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is **ORDERED, ADJUDGED, AND DECREED**:

## II.  JURISDICTION

1.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendant.  Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendant waives all objections and defenses that it may have to jurisdiction of the Court or to venue in this District.  Settling Defendant shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III.  PARTIES BOUND

2.  This Consent Decree is binding upon the United States and upon Settling Defendant and its successors, and assigns.  Any change in ownership or corporate or other legal

2

status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

## IV.   DEFINITIONS

3.     Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations.  Whenever terms listed below are used in this Consent Decree or its appendices, the following definitions shall apply:

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675.

"CERCLA Lien" shall mean the lien against the Property created pursuant to Section 107(*l*) of CERCLA, 42 U.S.C. § 9607(*l*), as described in the Notice of Lien filed on or about July 10, 2009, with the Adams County, Colorado, Clerk & Recorder.

"Consent Decree" shall mean this Consent Decree and all appendices attached hereto.  In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

"Day" or "day" shall mean a calendar day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or state holiday, the period shall run until the close of business of the next working day.

3

"DOJ" shall mean the United States Department of Justice and its successor departments, agencies, or instrumentalities.

"Effective Date" shall mean the date of the Court's entry of this Consent Decree.

"EPA" shall mean the United States Environmental Protection Agency and its successor departments, agencies or instrumentalities.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

"Net Sales Proceeds" shall mean the full amount for which the Property is sold, less only commercially reasonable real estate brokers fees not to exceed 6% of the sales price.

"Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

"Parties" shall mean the United States and Settling Defendant.

"Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA or DOJ on behalf of EPA has paid at or in connection with the Site through

4

December 31, 2012, plus accrued Interest on all such costs through such date, totaling $332,801.43.

"Plaintiff" shall mean the United States.

"Property" shall mean a part of the Southeast ¼ of Section 9, Township 3 South, Range 68 West of the 6th P.M., more particularly described in the December 16, 1996, Deed between Judds Brothers Construction Company and Jamesway Cartage, Inc. found at Book 4908, Page: 0377-0377, Adams County, Colorado, Clerk and Recorder.

"Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

"Settling Defendant" shall mean Jamesway Cartage, Inc.

"Site" shall mean the BioEnergy of Colorado Superfund Site, located on the Property and encompassing approximately 1.85 acres, located at 821 West 56th avenue, in Adams County, Colorado 80216, as depicted on the map attached as Appendix A.

"United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including EPA.

## V.    PAYMENT OF RESPONSE COSTS

4.    Settling Defendant's Payment for Past Response Costs. Subject to the provisions of Paragraphs 5 and 6, Settling Defendant shall pay to the United States 90% of the Net Sales Proceeds from the sale of the Property up to the full amount of the Past Response Costs totaling

$332,801.43, plus Interest accruing from January 1, 2013, on the unpaid balance (the "Judgment Amount").

5.   <u>Satisfaction of Judgment.</u>  Settling Defendant shall satisfy its obligation to pay the United States the entire outstanding balance of the Judgment Amount by using its best efforts to sell the Property within two years of the Effective Date on commercially reasonable terms at its fair market value as documented by a current appraisal by a Colorado-licensed, MAI - certified appraiser, and paying to the United States ninety percent (90%) of the Net Sales Proceeds up to the Judgment Amount.  Best efforts shall include, but not be limited to:

a.   Ensuring that the Property is sold for the highest price;

b.   Employing a real estate agent or broker who is licensed in the State of Colorado and who shall follow the usual and normal practices for selling real estate, including, for example, listing the Property in one or more real estate listing services regularly used by real estate agents, brokers, and others and using other reasonable means to ensure that the availability for sale is known to potential buyers;

c.   Responding to the reasonable inquiries of prospective buyers;

d.   Maintaining the Property in a condition suitable for exhibition to prospective buyers;

e.   Allowing the Property to be shown at all reasonable times; and

   f.  Assisting the broker, dealer or agent in any other reasonable way

     requested in an effort to sell the Property.

  6.  If Settling Defendant has been unable to sell the Property within two (2) years

from the Effective Date as provided in Paragraph 5, Settling Defendant shall auction the Property

to the highest bidder in accordance with the requirements of this Paragraph 6.  The auction shall

occur within two months after the second anniversary of the entry of this Consent Decree.

Settling Defendant shall engage a professional auctioneer and publicize the auction by means of

daily advertisements in local newspapers for thirty (30) days preceding the auction, as well as by

all other appropriate and customary means.  Auction proceeds shall be paid to the United States

within thirty (30) days of any transfer in the amounts specified in Paragraph 5.  Settling

Defendant shall timely provide to EPA copies of all advertising published with respect to the

Property, indicating when such advertising was displayed.  Copies shall be considered timely if

the copies of the advertising were sent to EPA and DOJ within thirty (30) days after such

advertising was displayed.

  7.  <u>Payments.</u>  Settling Defendant's payments shall be made by official bank check

made payable to "U.S. Department of Justice," referencing the name and address of the parties

making payment, Site/Spill ID Number 08QH, DOJ Case Number 90-11-3-10524, and the

Consolidated Debt Collection Case ("CDCS") number which shall be used to identify all

payments required to be made in accordance with this Consent Decree.  If payment is to be made

at the time of closing on the sale of the Property, the title company or escrow agent administering

the sale closing should obtain instructions where to send the official bank check from the FLU of

the United States Attorney's Office for the District of Colorado as provided by Paragraph 8.  In

all other instances, Settling Defendant shall send the check(s):

**By regular mail to:**

U.S. Department of Justice
Nationwide Central Intake Facility
P.O. Box 70932
Charlotte, NC 28272-0932

**Or by overnight mail to:**

QLP Wholesale Lockbox - D1113-022
Lockbox #70932
1525 West WT Harris Blvd.
Charlotte, NC 28262

The CDCS number and any additional payment instructions will be provided to Settling

Defendant by the Financial Litigation Unit ("FLU") of the United States Attorney's Office for

the District of Colorado after the Effective Date.  The FLU shall provide this information to:

James Langley, on behalf of Settling Defendant.  Settling Defendant may change

the individual to receive payment instructions on its behalf by providing written notice of

such change to DOJ and EPA in accordance with Section XII (Notices and Submissions).

8.   <u>Interest Computation</u>.  Should 90% of the Net Sales Proceeds from the Sale of the

Property be equal to or greater than the amount of Past Response Costs, Settling Defendant shall

obtain computation of Interest from January 1, 2013 through the date of payment of the unpaid

balance of Past Response Costs.  To obtain the amount of Interest due, Settling Defendant should

contact the FLU of the United States Attorney's Office for the District of Colorado by

contacting:

8

>Patricia McGee-Wake
>Paralegal Specialist
>Financial Litigation Unit
>1225 17th Street, Suite 700
>Denver, CO  80202
>Telephone: (303) 454-0131
>Fax: (303) 454-0407
>Email: Patricia.McGee-Wake@usdoj.gov

Settling Defendant should request a computation of Interest at least ten days prior to the date

Settling Defendant will make a payment, and reference the CDCS number, Site/Spill ID Number

08QH, and DOJ Case Number 90-11-3-10524.

     9.   <u>Notice of Payment</u>.  At the time of payment, Settling Defendant shall send notice

that payment has been made to EPA and DOJ in accordance with Section XII (Notices and

Submissions), and to the EPA Cincinnati Finance Office by email at

acctsreceivable.cinwd@epa.gov, or by mail to:

>EPA Cincinnati Finance Office
>26 Martin Luther King Drive
>Cincinnati, Ohio 45268

With a copy to:EPA

>Financial Management Officer
>TMS-F
>1595 Wynkoop St.
>Denver CO 80202

Such notice shall reference the CDCS Number, Site/Spill ID Number 08QH, and DOJ case

number 90-11-3-10524.

10.    Lien Release. EPA will provide a recordable release of the CERCLA Lien for Past Response Costs in exchange for payment of the amount due in accordance with the requirements of Paragraph 7.

11.    The total amount to be paid pursuant to Paragraphs 4 - 6 shall be deposited by EPA in the EPA Hazardous Substance Superfund.

## VI.    FAILURE TO COMPLY WITH CONSENT DECREE

12.    Stipulated Penalties.

    a.    If Settling Defendant fails to use its best efforts to sell the Property as provided by Paragraph 5, Settling Defendant shall be in violation of this Consent Decree and shall pay to the United States, as a stipulated penalty in addition to the Interest, $500 per violation per day of such noncompliance.

    b.    If Settling Defendant fails to comply with the requirements of Paragraph 6, Settling Defendant shall be in violation of this Consent Decree and shall pay to the United States a stipulated penalty in the amount of $1,000 per day, per violation.

    c.    Stipulated penalties are due and payable within thirty (30) days of the date of the demand of payment of the penalties by EPA. All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by certified check or cashier's check made payable to "EPA

10

Hazardous Substance Superfund." The check, or a letter accompanying
the check, shall reference the name and address of the party making
payment, the Site name, the EPA Region and Site Spill ID Number 08QH,
DOJ Case Number 90-11-3-10524, and the civil action number. Settling
Defendant shall send the check (and any accompanying letter) to:

**By regular mail to:**

US Environmental Protection Agency
Fines and Penalties
Cincinnati Finance Center
P.O. Box 979077
St. Louis, MO 63197-9000

**Or by overnight mail to:**

U.S. Bank
Government Lockbox 979077
US EPA Fines and Penalties
1005 Convention Plaza
SL-MO-C2-GL
St. Louis, MO 63101
314-418-1028

With a copy of the accompanying letter to:

EPA Financial Management Officer
TMS-F
1595 Wynkoop St.
Denver CO 80202

d.      At the time of each payment, Settling Defendant shall also send notice that
payment has been made to EPA and DOJ in accordance with Section XII
(Notices and Submissions). Such notice shall reference the EPA Region

11

and Site/Spill ID Number 08QH, DOJ case number 90-11-3-10524 and the civil action number.

e. Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after performance is due or the day a violation occurs, and shall continue to accrue through the date of payment or the final day of correction of the noncompliance or completion of the activity. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

13. If the United States brings an action to enforce this Consent Decree, Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

14. Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

15. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse

12

Settling Defendant from payment as required by Section V or from performance of any other requirements of this Consent Decree.

## VII.   COVENANTS BY PLAINTIFF

16.    _Covenants for Settling Defendant by United States_.  Except as specifically provided in Section VIII (Reservation of Rights by Plaintiff), the United States covenants not to sue or to take administrative action against Settling Defendant pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs.  These covenants are conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree.  These covenants extend only to Settling Defendant and do not extend to any other person.

## VIII.   RESERVATIONS OF RIGHTS BY PLAINTIFF

17.    The United States reserves and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within the Covenants by Plaintiff in Paragraph 16.  Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendant with respect to:

     a.    liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

     b.    liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs;

13

c.     liability for injunctive relief or administrative order enforcement under

Section 106 of CERCLA, 42 U.S.C. § 9606;

d.     criminal liability; and

e.     liability for damages for injury to, destruction of, or loss of natural

resources, and for the costs of any natural resource damage assessments.

## IX.     COVENANTS BY SETTLING DEFENDANT

18.     <u>Covenants by Settling Defendant</u>.  Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Past Response Costs and this Consent Decree, including but not limited to:

a.     Any direct or indirect claim for reimbursement from the EPA Hazardous

Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113

of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any

other provision of law;

b.     Any claim arising out of the response actions at the Site for which the Past

Response Costs were incurred, including any claim under the United

States Constitution, the Constitution of the State of Colorado, the Tucker

Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412,

or at common law; or

14

c.      Any claim pursuant to Sections 107 or 113 of CERCLA, 42 U.S.C.

§§ 9607 or 9613, Section 7002(a) of RCRA, 42 U.S.C. § 6972(a).

19.     Nothing in this Consent Decree shall be deemed to constitute approval or

preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or

40 C.F.R. § 300.700(d).

## X.     EFFECT OF SETTLEMENT/CONTRIBUTION

20.     Nothing in this Consent Decree shall be construed to create any rights in, or grant

any cause of action to, any person not a Party to this Consent Decree. The Parties expressly

reserve any and all rights (including, but not limited to, any right to contribution), defenses,

claims, demands, and causes of action that they may have with respect to any matter, transaction,

or occurrence relating in any way to the Site against any person not a Party hereto.

21.     The Parties agree, and by entering this Consent Decree this Court finds, that this

Consent Decree constitutes a judicially-approved settlement for purposes of Section 113(f)(2) of

CERCLA, 42 U.S.C. § 9613(f)(2), and that the Settling Defendant is entitled, as of the Effective

Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of

CERCLA, 42 U.S.C. § 9613(f)(2), or as may be otherwise provided by law, for "matters

addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are Past

Response Costs.

22.     Settling Defendant shall, with respect to any suit or claim brought by it for

matters related to this Consent Decree, notify EPA and DOJ in writing no later than 60 days prior

to the initiation of such suit or claim.  Settling Defendant also shall, with respect to any suit or

claim brought against it for matters related to this Consent Decree, notify EPA and DOJ in

writing within 10 days after service of the complaint or claim upon it.  In addition, Settling

Defendant shall notify EPA and DOJ within 10 days after service or receipt of any Motion for

Summary Judgment, and within 10 days after receipt of any order from a court setting a case for

trial, for matters related to this Consent Decree.

23.     In any subsequent administrative or judicial proceeding initiated by the United

States  for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling

Defendant shall not assert, and may not maintain, any defense or claim based upon the principles

of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses

based upon any contention that the claims raised by the United States in the subsequent

proceeding were or should have been brought in the instant case; provided, however, that nothing

in this Paragraph affects the enforceability of the Covenants by Plaintiffs set forth in Section VII.

## XI.   <u>RETENTION OF RECORDS</u>

24.     Until ten (10) years after the entry of this Consent Decree, Settling Defendant

shall preserve and retain all non-identical copies of records, reports, or information (hereinafter

referred to as "Records") (including records in electronic form) now in its possession or control,

or that come into its possession or control, that relate in any manner to response actions taken at

the Site or the liability of any person under CERCLA with respect to the Site, regardless of any

corporate retention policy to the contrary.

25.     After the conclusion of the ten (10) - year document retention period in the

preceding Paragraph, Settling Defendant shall notify EPA and DOJ at least 90 days prior to the

destruction of any such Records, and, upon request by EPA or DOJ, Settling Defendant shall

deliver any such Records to EPA.  Settling Defendant may assert that certain Records are

privileged under the attorney-client privilege or any other privilege recognized by federal law.  If

Settling Defendant asserts such a privilege, Settling Defendant shall provide Plaintiff with the

following: (1) the title of the Record; (2) the date of the Record; (3) the name, title, affiliation

(e.g., company or firm), and address of the author of the Record; (4) the name and title of each

addressee and recipient; (5) a description of the subject of the Record; and (6) the privilege

asserted.  If a claim of privilege applies only to a portion of a Record, the Record shall be

provided to Plaintiff in redacted form to mask the privileged information only.  Settling

Defendant shall retain all Records that they claim to be privileged until the United States has had

a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in

the Settling Defendant's favor.  However, no Records created or generated pursuant to the

requirements of this Consent Decree shall be withheld on the grounds that they are privileged or

confidential.

26.     Settling Defendant certifies that, to the best of its knowledge and belief, after

thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any

Records relating to its potential liability regarding the Site since the earlier of notification of

potential liability by the United States or the filing of suit against it regarding the Site and that it

has fully complied with any and all EPA requests for information regarding the Site pursuant to

Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of

RCRA, 42 U.S.C. § 6927.

## XII.   NOTICES AND SUBMISSIONS

27.     Whenever, under the terms of this Consent Decree, notice is required to be given

or a document is required to be sent by one party to another, it shall be directed to the individuals

at the addresses specified below, unless those individuals or their successors give notice of a

change to the other Parties in writing.  Written notice as specified in this Section shall constitute

complete satisfaction of any written notice requirement of the Consent Decree with respect to

EPA, DOJ, and Settling Defendant, respectively.

As to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
Re: DJ # 90-11-3-10524
As to EPA:

Enforcement Specialist, BioEnergy Superfund Site
8ENF-RC
U.S. EPA Region 8
1595 Wynkoop
Denver, CO  80202
As to Setting Defendant:

Richard K. Sans Soucy
Cimino & Benham LLC
925 East 17th Avenue
Denver, CO  80218-4308

## XIII.  RETENTION OF JURISDICTION

28.     This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XIV.  INTEGRATION/APPENDICES

29.     This Consent Decree and Appendix A together constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree.  The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.  Appendix A," a map of the Site and Property, is attached to and incorporated into this Consent Decree:

## XV.   LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

30.     This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendant consents to the entry of this Consent Decree without further notice.

31.     If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVI.  SIGNATORIES/SERVICE

32.     Each undersigned representative of the Settling Defendant and the Deputy Chief, Environmental Enforcement Section, Environment and Natural Resources Division, United States Department of Justice certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

33.     Settling Defendant agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree; unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

34.     Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree.  Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

## XVII.   **FINAL JUDGMENT**

35.     Upon entry of this Consent Decree by the Court, this Consent Decree shall

constitute the final judgment between and among the United States and the Settling Defendant.

The Court enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.


SO ORDERED THIS 26th DAY OF _August_ , 2013.


United States District Judge

**FOR THE UNITED STATES OF AMERICA:**

7/1/2012
Date

NATHANIEL DOUGLAS
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611


JOHN N. MOSCATO
JEREL ("JERRY") L. ELLINGTON
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Environmental Enforcement Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Telephone:  303.844.1363
Fax:  303.844.1350
Email:  Jerry.L.Ellington@usdoj.gov

ANDREA MADIGAN
Supervisory Attorney
Legal Enforcement Program
U.S. EPA Region 8
1595 Wynkoop Street
Denver, CO 80202


KELCEY LAND
Director
RCRA and CERCLA Technical Enforcement Unit
U.S. EPA Region 8
1595 Wynkoop Street
Denver, CO 80202

23

**FOR JAMESWAY CARTAGE, INC.**

6-12-13

Date

Name (print): _James Langley_

Title: _owner_

Address: _11516 Elmway Thorn_

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): _James Langley   James Langley_

Title: _owner_

Address:

Phone: _11516 Elmway Thorn_

email: _303-882-8985_

24